The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Barrie Anne **COURTNEY,** Defendant–Appellant.

No. 92CA0797.

Colorado Court of Appeals, Div. III.

July 15, 1993.

Rehearing Denied Sept. 2, 1993.

Certiorari Denied March 14, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Following a guilty plea to second degree forgery by defendant, Barrie Anne Courtney, the trial court sentenced her to eight years at community corrections and ordered payment of restitution. Defendant appeals only the order of restitution. We affirm.

The evidence at the restitution hearing established that the Blue Book value of the vehicle fraudulently obtained by defendant was $1,000. However, because the defendant had failed to put oil in the car, after the stolen vehicle was recovered, the victim had to pay $2,400 for parts to replace the engine and transmission. The victim did not claim any restitution for labor expended in repairing the vehicle. The trial court ordered the defendant to pay the $2,400 for repair of the vehicle, $1,500 for lost tools and miscellaneous expenses for impoundment fees, towing and gas.

## I.

Relying on *People v. Dunoyair*, 660 P.2d 890 (Colo.1983), defendant first contends that the trial court erred in ordering restitution of $2,400 for repair of the stolen vehicle rather than $1,000 for its fair market value. We conclude that defendant's reliance on the *Dunoyair* holding is misplaced, and we reject defendant's contention that, as a matter of law, the amount of restitution ordered may never exceed fair market value.

The language of the restitution statute is unambiguous. It authorizes payment of restitution to the victim of a defendant's conduct for the "actual, pecuniary damages sustained by the victim" as the direct result of the defendant's conduct. Section 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A); *see People v. Borquez*, 814 P.2d 382 (Colo.1991). The purpose of restitution is to make the victim whole. *See People v. Phillips*, 732 P.2d 1226 (Colo.App.1986).

The defendant in *People v. Dunoyair, supra*, was convicted of felony criminal mischief and contended, among other things, that the prosecution had failed to meet its burden of proving that the market value of the item damaged was $100 or more. In rejecting his contention, our supreme court stated that the determination of actual damages under the criminal mischief statute was based upon the economic loss caused by the defendant's act

of knowingly inflicting damage upon the property. It stated that:

[A]n offender cannot cause an economic loss that surpasses the actual value of the property damaged. Thus, where the cost of repair or restoration exceeds the actual value of an object, the victim's economic loss will be limited to the actual value of the object.

*People v. Dunoyair, supra,* at 894–95.

However, the *Dunoyair* court did not discuss the restitution statute which is in issue here. And, importantly, the restitution statute refers to the victim's "actual pecuniary loss" rather than to the victim's "economic loss."

Similarly, the defendant's reliance upon *Burke v. State,* 201 Ga.App. 50, 410 S.E.2d 164 (1991), as persuasive authority is misplaced.

In *Burke,* the defendant was convicted of theft of an automobile. And, as here, defendant had returned the vehicle in a damaged condition. The Georgia Court of Appeals held that the defendant could not be ordered to pay restitution for repairs in an amount exceeding the value of the vehicle before the injury. However, in reaching its conclusion, the court construed a Georgia statute which, with limited exceptions, defined "the victim's damages" for restitution purposes as "those the victim could recover in a civil action against the defendant." *Burke v. State,* 201 Ga.App. at 51, 410 S.E.2d at 166.

In contrast, § 16–11–204.5, C.R.S. (1986 Repl.Vol. 8A), focuses instead on the actual pecuniary damages sustained by the victim. *See People v. Borquez, supra* (trial court did not err in ordering defendant who plead guilty to pay restitution for uncharged offenses). *Cf. People v. Smith,* 754 P.2d 1168, 1171 (Colo.1988) (requirement of restitution in a criminal action distinguished from remedy available to plaintiff in a civil action).

Here, the trial court found, on supporting evidence, that the amount was "reasonable under the circumstances" because the victim had actually spent $2,400 in parts simply to get his vehicle back into running condition. Thus, $2,400 and not $1,000 was the "actual, pecuniary damages sustained by the victim" as the direct result of the defendant's conduct. Nor did the award result in a windfall to the victim or lead to an absurd result. Rather, it fulfilled the statutory purpose of simply making the victim whole to the extent practicable.

Accordingly, under these particular circumstances, we conclude the trial court did not err in entering a restitution order which exceeded the fair market value of the stolen vehicle.

## II.

■ We also reject defendant's contention that the $1,500 restitution payment for lost tools was based on speculation.

Here, the victim of the theft estimated the value of the tools in the car was $1,500, and the defendant admitted tools were in the car when it was taken. This evidence was competent to establish the value of the tools and properly could be admitted for purposes of valuation. *See People v. Evans,* 44 Colo.App. 288, 612 P.2d 1153 (1980). Since the trial court's findings are supported by the record, they will not be disturbed on appeal. *See People v. Dover,* 790 P.2d 834 (Colo.1990).

The order is affirmed.

STERNBERG, C.J., and JONES, J., concur.