**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Michael J. STOVALL, Defendant–Appellee.**

**No. 02CA1340.**

Colorado Court of Appeals, Div. A.

July 3, 2003.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Edward J. Rodgers, District Attorney, David A. Bergin, Deputy District Attorney, Canon City, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Opinion by Judge PIERCE.*

The People appeal a trial court order regarding restitution. We reverse and remand for further proceedings.

Pursuant to a plea agreement, defendant, Michael J. Stovall, pleaded guilty to numer-

ous charges, including first degree murder. He was sentenced to life imprisonment without the possibility of parole on the murder charge and 896 years imprisonment on the remaining charges. All sentences were ordered to be served consecutively.

Thereafter, the trial court declined to order restitution, stating that it would be "useless" to do so given defendant's lengthy sentence and lack of present income or assets. The court further stated that the amount of judicial and other resources required to conduct a restitution hearing "would far exceed ... any amounts that we could expect to ever be generated by" such an order.

The People argued that the court's stated reasons for denying restitution were improper under the restitution statute, § 18–1.3–603(1), C.R.S.2002 (formerly § 16–18.5–103(1)). The court found that, while it "would never desire to flout the authority of the legislature ... it seems that the legislative intent is not thwarted in this unusual set of circumstances."

On appeal, the People contend that the trial court abused its discretion in denying restitution by failing to follow "the clear mandates" of the restitution statute. We agree.

■ Our task in construing a statute is to ascertain and give effect to the General Assembly's intent and purpose in enacting the statute. If the plain language of the statute clearly expresses the legislative intent, then we must give effect to the ordinary meaning of that language, unless to do so would lead to an absurd result. *People v. Luther*, 58 P.3d 1013 (Colo.2002).

Section 18–1.3–603(1) requires that every judgment of conviction for a felony "include consideration of restitution" and "one or more of the following":

(a) An order of a specific amount of restitution to be paid by the defendant;

(b) An order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety days immediately

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined;

(c) An order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual costs of specific future treatment of any victim of the crime; or

(d) A specific finding that no victim of the crime suffered a pecuniary loss and therefore no order for the payment of restitution is being entered.

■ Thus, under the plain language of the statute, restitution may be denied only after a finding that the victim has not suffered a pecuniary loss. *See* § 18–1.3–603(1)(d), C.R.S.2002. Because the trial court made no such finding here, we conclude that it erred in denying the People's motion.

Our interpretation of § 18–1.3–603(1) is further supported by the language in § 18–1.3–601(1)(b) and (2), C.R.S.2002 (formerly § 16–18.5–101(1)(b), (2)). In § 18–1.3–601(1)(b), the General Assembly declared that persons found guilty of a crime "should be under a moral and legal obligation to make full restitution to those harmed by their misconduct." Further, § 18–1.3–601(2) provides, "It is the intent of the general assembly that restitution be ordered, collected, and disbursed to the victims of crime and their immediate families."

We recognize that some of the purposes of restitution, such as providing a mechanism for rehabilitation, deterring future criminality, and aiding the offender in his or her reintegration as a productive member of society, *see* § 18–1.3–601(1)(c), (1)(d), (2), C.R.S. 2002 (formerly § 16–18.5–101(1)(c), (1)(d), (2)), may not apply here. However, that circumstance does not, in our·view, negate the legislative mandate that restitution be ordered in every case in which the victim has suffered a pecuniary loss, regardless of the defendant's ability to pay restitution. *Cf. People v. Salas,* 42 P.3d 68 (Colo.App.2001)(noting the General Assembly's prior deletion of the requirement that restitution be based, in part, on the defendant's ability to pay). Nor should the amount of resources required to collect resti-

tution relative to the amount expected to be collected be a factor in determining whether to order it.

The order is reversed, and the case is remanded to the trial court with directions to reconsider its refusal to order restitution in accordance with § 18–1.3–601, et seq., C.R.S. 2002, and the views expressed in this opinion.

Judge ROY and Judge HUME concur.