The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kelly Lazard STAFFORD, Defendant–Appellant.

No. 02CA1480.

Colorado Court of Appeals, Div. I.

Feb. 26, 2004.

Certiorari Denied June 28, 2004.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elisabeth Hunt White, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Kelly Lazard Stafford, appeals the order of restitution imposed as part of his sentence to probation. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to class four felony theft for stealing nineteen laptop computers from a company (the victim). He was sentenced to two and a half years probation, and, because he objected to the amount of restitution sought by the prosecution, a hearing on the matter was held.

At the restitution hearing, the prosecution provided a list of the thirteen computers that were never recovered, with the amount of restitution sought for each computer. One of the victim's directors testified that the amounts listed were based on the cost to replace each computer. Defense counsel objected that restitution should be based on the fair market value at the time the computers were stolen, not the replacement value. Counsel also pointed out that one computer had been listed twice.

The court rejected counsel's fair market value argument, deducted the duplicate amount from the total amount requested, and ordered that defendant pay the victim $28,878 in restitution.

## I.

■ Defendant first contends that ordering him to pay "this very significant amount of restitution," without first establishing his ability to pay it, constitutes an excessive fine under the Eighth Amendment and violates his right to due process of law. We disagree.

Initially, we note that no statute currently requires the court to consider the defendant's ability to pay restitution before ordering it. On the contrary, the General Assembly has mandated that "full restitution" be ordered as a condition of probation if the victim has suffered a pecuniary loss, regardless of the defendant's ability to pay. See § 18–1.3–205, C.R.S.2003; People v. Stovall, 75 P.3d 1165, 1167 (Colo.App.2003).

■ The Eighth Amendment and Colo. Const. art. II, § 20 prohibit the imposition of excessive fines. Thus, a sentencing court must consider the defendant's financial status in determining the appropriate amount of any fine to be levied. People v. Pourat, —— P.3d ——, ——, 2004 WL 351760 (Colo.App. No. 02CA1621, Feb. 26, 2004); People v. Bolt, 984 P.2d 1181, 1184 (Colo.App.1999).

■ However, for purposes of Eighth Amendment analysis, restitution is not the equivalent of a fine. A fine is solely a monetary penalty, while restitution serves to make the victim whole. See People v. Duvall, 908 P.2d 1178, 1179 (Colo.App.1995); see also State v. DeAngelis, 329 N.J.Super. 178, 747 A.2d 289, 296 (2000)(because "[r]estitution is paid to the victim, not the State," it does not qualify as a fine for Eighth Amendment purposes).

■ Further, although restitution can be considered punitive in nature, see People v. Rogers, 20 P.3d 1238, 1239 (Colo.App.2000), awarding full restitution, without regard to a defendant's ability to pay, does not offend Eighth Amendment proportionality principles. See People v. T.R., 860 P.2d 559, 565 (Colo.App.1993)(division expressed "difficulty in perceiving how a restitution order for direct losses suffered by a victim because of [defendant's] malfeasance could implicate the Eighth Amendment"); see also United States v. Dubose, 146 F.3d 1141, 1145 (9th Cir.1998), aff'd United States v. Dean, 949 F.Supp. 782, 786 (D.Or.1996)("Where the amount of restitution is geared directly to the amount of the victim's loss caused by the defendant's illegal activity, proportionality is already built into the order."); United States v. Smith, 944 F.2d 618, 624 n. 2 (9th Cir.1991)("if full restitution is not ordered at the time of sentencing, an indigent defendant would evade the

statutory purpose of making the victim whole in the event that he should come into sufficient funds").

We therefore reject defendant's contention that the court violated his Eighth Amendment right against excessive fines by ordering restitution without considering his ability to pay.

■ We also reject defendant's contention that the court violated his right to due process by ordering restitution without regard for his ability to pay. Defendant does not cite any authority in support of his argument, nor are we aware of any.

The Fourteenth Amendment and Colo. Const. art. II, § 25 provide that no person shall be deprived of life, liberty, or property without due process of law.

■ Due process prohibits revocation of probation based on a bona fide inability to pay restitution. *See Bearden v. Georgia,* 461 U.S. 660, 667, 103 S.Ct. 2064, 2070, 76 L.Ed.2d 221 (1983). Section 16–18.5–105(3)(d), C.R.S.2003, adequately protects this interest by providing that probation may not be revoked if "the defendant establishes that he or she was unable to make the [restitution] payments."

Thus, we hold that neither the Eighth Amendment nor due process is violated by ordering a defendant at sentencing to pay the full pecuniary loss caused by his or her criminal conduct.

## II.

■ Defendant next contends that the trial court erred in basing its restitution order on the replacement value of the unrecovered computers rather than on their fair market value when they were stolen. Again, we disagree.

Defendant's reliance on *People v. Brigner,* 978 P.2d 163 (Colo.App.1999), is misplaced. Not only is *Brigner* distinguishable on its facts, but there the issue was not whether restitution was awardable on the basis of replacement or fair market value but, rather, whether a defendant could be required to pay restitution for losses not attributable to his criminal conduct.

Section 18–1.3–205, C.R.S.2003, requires the trial court, as a condition of every sentence to probation, to order the defendant to "make full restitution" pursuant to the provisions of § 18–1.3–601, et. seq., and § 16–18.5–101, et seq., C.R.S.2003. Section 18–1.3–602(3)(a) defines "restitution" as "any pecuniary loss suffered by a victim, and includes but is not limited to all out-of-pocket expenses ... anticipated future expenses ... and other losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money."

■ In Colorado, when the value of property is an element of the offense that must be proved beyond a reasonable doubt, it is determined by the victim's "economic loss." However, the value of property for purposes of restitution is determined by the victim's "actual, pecuniary loss" or the amount of money that will "fulfill[ ] the statutory purpose of simply making the victim whole to the extent practicable." *People v. Courtney,* 868 P.2d 1126, 1128 (Colo.App. 1993).

Although states such as Florida, Georgia, and Texas use the fair market value standard in determining restitution, those states' restitution statutes differ from Colorado's statute.

In *People v. Courtney, supra,* a division of this court upheld a restitution order awarding out-of-pocket expenses incurred in repairing a stolen car, which exceeded the fair market value of the car. The division concluded that the award did not result in a windfall, but simply made the victim whole to the extent practicable. *People v. Courtney, supra,* 868 P.2d at 1128.

■ We recognize that where, as here, restitution is sought for "anticipated future expenses," the use of a replacement, rather than fair market, value standard leaves open the possibility that victims could reap windfall benefits. However, a victim who anticipates incurring future expenses, like a victim who has already incurred out-of-pocket expenses, is entitled to be placed in the same financial position he or she would have been in had the wrong not been committed. Thus, the award of a reasonable replacement value is appropriate when the victim demonstrates that he or she must or will replace an item that is not readily replaceable at a fair mar-

ket value cost. *Cf. United States v. Shugart,* 176 F.3d 1373, 1375 (11th Cir.1999)(for purposes of federal restitution statute, replacement cost may be a better measure of value when "an item is unique" or "there is not a broad and active market for it").

Here, the victim was obliged to replace five of the computers under a lease arrangement, or it had to buy the leases out. As such, the victim adequately demonstrated that it had to replace the computers and that the replacement value would be dictated by the leases, rather than a fair market value for the stolen computers.

Further, the evidence necessarily implied that the victim would replace the other computers as well. And we conclude that the trial court reasonably assumed that there was not a broad and active market for used computers comparable to those stolen, particularly considering today's constantly evolving technological marketplace.

Under these circumstances, we reject defendant's contention that the trial court erred in basing its restitution order on the replacement value of the unrecovered computers. *Cf. People v. Courtney, supra,* 868 P.2d at 1128 (money spent to repair vehicle damaged by defendant was properly included in restitution order); *People v. Engel,* 746 P.2d 60, 62 (Colo.App.1987)(money spent to repair house damaged by defendant in order to resell it was properly included in restitution order).

## III.

Finally, defendant contends that the prosecution provided insufficient evidence to prove that he owed the victim $28,878 in restitution. More specifically, he argues that the prosecution failed to prove "with any definiteness the actual pecuniary damage sustained by [the victim]" and that "the method of assessing the [victim's] loss and restitution value" was too speculative. We are not persuaded.

The prosecution bears the burden of proving by a preponderance of the evidence the amount of restitution owed, *People v. Hoisington,* 902 P.2d 887, 888 (Colo.App.

1995), and more than speculation is required for a defendant to bear responsibility for a victim's loss. *Cumhuriyet v. People,* 200 Colo. 466, 469, 615 P.2d 724, 726 (1980).

Here, the witness who testified on the victim's behalf stated that the amount of restitution sought by his company was based on the "replacement costs of the pieces of equipment" and the "penalties that we were assessed from the leasing company." The witness explained that the replacement costs had been provided by "the vendor from whom we obtain machines" and that they were based on "the closest equivalent" computers available at the time. The witness further explained that five of the unrecovered computers had been leased and that those leases would either have to be bought out or new computers purchased and returned to the leasing company. This evidence was sufficient to support the award.

The order of restitution is, therefore, affirmed.

Judge LOEB and Judge NEY * concur.