The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Michael Keith McCANN, Defendant–Appellee.

No. 04CA0471.

Colorado Court of Appeals, Div. III.

Sept. 22, 2005.

John R. Newsome, Jr., District Attorney, Ann C. Joyce, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

Kimberly K. Caster, Highlands Ranch, Colorado, for Defendant–Appellee.

TAUBMAN, J.

The People appeal the trial court order granting the Crim. P. 35 motion filed by defendant, Michael Keith McCann, and vacating the restitution orders entered against him. We reverse and remand for further proceedings.

Defendant entered an *Alford* plea to first degree assault (disfigurement), and, on March 7, 2002, the trial court sentenced him to twenty-one years in prison. The plea agreement provided, and defendant acknowledged at the providency hearing, that he would be required to pay restitution in an amount to be calculated by the People and approved by the court. At the sentencing hearing, the prosecutor indicated that the victim had significant medical expenses, but that the People had not yet obtained medical records and other documentation of the expenses. Accordingly, the People requested sixty days within which to submit their motion for restitution, and the court granted the request.

On May 29, 2002, the People filed a motion for restitution in the amount of $16,192.72 based on documentation of expenditures made on the victim's behalf by her insurance company and the Victim Compensation Fund (VCF). On June 5, 2002, ninety days after sentencing, the trial court granted the motion and entered a restitution payout order for the amount sought. The court indicated that, unless defendant filed a timely objection, the order would become final.

Defendant filed a motion for extension of time to object to the restitution order, which the trial court granted through July 8, 2002.

On June 10, the People filed a proposed amended restitution order seeking reimbursement for an additional $75 expenditure by the VCF. The trial court entered an amended restitution order for $16,277.72.

On July 8, 2002, within the time allowed for defendant to file an objection, the People filed a motion for reimbursement of additional costs of prosecution in the amount of $300 for "other expert witness/evaluation." The court granted the motion and entered a second amended restitution payout order in the amount of $16,577.72.

Defendant did not timely object to the final restitution order. Rather, in February 2003, he filed a pro se Crim. P. 35 motion in which he argued that, because the People did not file a motion for restitution within sixty days after sentencing as ordered by the trial court, the sentence became final and the subsequent entry of a restitution order increased the sentence imposed and violated his constitutional right to be free from double jeopardy. This motion was supplemented by a motion to strike the restitution assessment filed by defendant's attorney in July 2003. Defendant did not challenge the amount of restitution ordered.

After a hearing, the trial court concluded that it lacked jurisdiction to enter restitution after the sixty-day deadline for filing a resti-

tution motion passed and that the orders violated defendant's right to be free from double jeopardy. The court thus granted defendant's motion, vacated the restitution orders, and ordered that "no restitution is imposed in this case."

## I. Vacation of Restitution Orders

■ The People argue that the trial court erred by granting defendant's motion and vacating the restitution orders on jurisdictional and double jeopardy grounds. We agree and remand for further proceedings.

Section § 18–1.3–601, et seq., C.R.S.2004 (the Restitution Act), requires convicted offenders to pay restitution to compensate crime victims for the harm they suffered. The purpose of restitution is to make the victim whole, and the Restitution Act is to be "liberally construed" to accomplish that purpose. Section 18–1.3–601(2), C.R.S.2004; *People v. Harman,* 97 P.3d 290 (Colo.App. 2004); *People v. Trujillo,* 75 P.3d 1133 (Colo. App.2003).

■ The Restitution Act requires that, when entering judgment for a felony conviction, trial courts must consider restitution and enter an order or make a finding on one of four enumerated considerations in determining whether and to what extent an order of restitution is warranted. Section 18–1.3–603(1)(a)–(d), C.R.S.2004. A trial court may order that no restitution be paid only if it makes a specific finding that the victim has not suffered pecuniary loss. *People v. Smith,* 121 P.3d 243, 2005 WL 427673 (Colo. App. No. 02CA1515, Feb. 24, 2005); *People v. Stovall,* 75 P.3d 1165 (Colo.App.2003).

Thus, in all cases in which a defendant's criminal conduct has caused pecuniary damages to a victim, the trial court is required to order the defendant to pay restitution and to fix the amount of such restitution as part of the judgment. Section 18–1.3–603(1); *People v. Johnson,* 780 P.2d 504 (Colo.1989); *People v. Smith, supra.*

Section 18–1.3–603(1)(b), C.R.S.2004, provides that a trial court may order the defendant to pay restitution, "but that the specific amount of restitution shall be determined within the ninety days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined."

Here, consistent with that provision, the trial court indicated at sentencing that defendant would be obligated to pay restitution, but reserved determination of the specific amount of the award. As discussed above, the trial court granted the People sixty days within which to submit their motion. Because the parties did not raise the issue whether the trial court had the discretion to shorten the statutory ninety-day period, we do not address it in this appeal.

The People did not file their restitution motion within the sixty-day deadline set at the sentencing hearing. Nor did the People seek an extension of time to submit their restitution motion, either before or after the sixty-day period passed.

However, the People filed their restitution motion, and the trial court entered its initial restitution order, within the ninety-day statutory period, and the court entered the first and second amended restitution orders before the time expired for defendant to object to the amount ordered and thus before the initial restitution order would have become final. *See* § 18–1.3–603(3)(a), C.R.S.2004 (a restitution order may be "[i]ncreased if … additional losses not known to the judge or the prosecutor at the time the order for restitution was entered are later discovered and the final amount of restitution due has not been set by the court").

### A. Jurisdiction and Double Jeopardy

In granting defendant's motion to vacate the restitution orders, the trial court concluded that it lacked jurisdiction to order restitution because the People did not file their motion within the sixty-day deadline set at the sentencing hearing.

However, the ninety-day time limit contained in the statute is not jurisdictional. *People v. Harman, supra,* 97 P.3d at 293. Accordingly, even if the trial court acted within its discretion in shortening the statutory period at the People's request, it erroneously concluded that the sixty-day deadline imposed by its own order was jurisdictional.

■ Nor did the imposition of restitution violate double jeopardy principles. The trial court's initial restitution order did not increase the amount of restitution because restitution had not been imposed at the time of sentencing. Because the initial restitution order was not a final order, the amended restitution orders did not impermissibly increase the restitution amount. *See People v. Smith, supra* (because the trial court did not make a determination of restitution at sentencing, the original sentence was illegal, and the court was free to correct the sentence to include restitution without implicating defendant's right to be free from double jeopardy, even after she began serving the sentence); *People v. Harman, supra* (double jeopardy prohibition not violated because the Restitution Act allows the determination of the amount owed to be deferred); *People v. McGraw*, 30 P.3d 835 (Colo.App.2001)(same); *People v. Wright*, 18 P.3d 816, 818 (Colo.App.2000)(double jeopardy prohibition is violated if the restitution amount is increased after a legal sentence *including restitution* has been imposed and the defendant has begun serving that sentence).

Accordingly, the trial court erred by granting defendant's Crim. P. 35 motion and vacating the restitution orders on jurisdictional and double jeopardy grounds.

### B. Remedy

■ Nevertheless, defendant asserts that the order vacating the prior restitution orders should stand because the People did not comply with or seek an extension of the sixty-day deadline they requested and the court set for them to submit their restitution motion. We conclude that further proceedings are required on this issue.

Although the court vacated its restitution orders, it did not make a specific finding that the victim had not suffered pecuniary loss under § 18–1.3–603(1)(d). *See People v. Smith, supra.* Nor did the court address whether the People had good cause for failing to comply with the sixty-day deadline, and if no good cause was shown, the appropriate sanction, if any, for their violation of the order.

For example, the court did not address whether the People's failure to file their restitution motion within the sixty-day deadline

warranted a finding that the victim suffered no pecuniary loss and that no restitution should enter; nor did the court consider sanctions, including but not limited to, declining to award the People their costs of prosecution or disallowing their supplemental restitution motions.

We thus conclude that remand is necessary to enable the trial court to address those issues and make the findings required under *People v. Smith, supra.* On remand, the court may, in its discretion, consider affidavits or testimony from the People explaining the reason for their noncompliance with the court's order. The trial court, in its discretion, may determine that the People had good cause for not timely filing the restitution motion, and, if so, may enter an appropriate restitution order. Alternatively, the trial court may conclude that the People lacked good cause and that, upon the expiration of the sixty-day period, there was no evidence from which the court could conclude that the victim had suffered a pecuniary loss. If the trial court enters a restitution order, it may also impose a sanction against the People for failure to comply with the sixty-day order. *Cf.* Crim. P. 16(III)(g).

### C. Additional Issue that Might Arise on Remand

Because it might arise on remand, we address an issue regarding the second amended restitution order. Specifically, that order, which assessed an additional $300 for "other expert witness/evaluation" costs incurred by the prosecution, may not actually be an order for restitution but an order for costs. Thus, if on remand the court decides to reinstate the restitution orders, it must resolve this issue.

Whether defendant is required to pay the additional amount as part of a restitution order or an order for reimbursement of costs does not affect our conclusion that the order does not violate double jeopardy principles. *See People v. McQuarrie*, 66 P.3d 181 (Colo. App.2002)(the assessment of fees and costs after sentencing does not violate double jeopardy principles because they are not a form of punishment, but rather sanctions that are

essentially civil); *People v. Howell*, 64 P.3d 894 (Colo.App.2002)(same).

Nevertheless, the distinction between costs and restitution makes a difference because the collection of restitution is given priority over the collection of costs. *See* § 18–1.3–701(4), C.R.S.2004.

The first amended restitution order properly included an additional expenditure made on the victim's behalf by the VCF. *See* § 18–1.3–602(3)(a), C.R.S.2004 (defining "restitution" as "any pecuniary loss suffered by a victim"); § 18–1.3–602(4)(a), (4)(a)(IV), C.R.S.2004 (defining the term "victim" as "any person aggrieved by the conduct of an offender," including "[a]ny victim compensation board that has paid a victim compensation claim"); *People v. Trujillo, supra; People v. Lowe*, 60 P.3d 753 (Colo.App.2002); *People v. Witt*, 15 P.3d 1109 (Colo.App.2000).

However, the People characterized the expenditure for which they sought reimbursement in their motion for a second amended order as "prosecution costs," and costs of prosecution not associated with victim compensation must be reimbursed as costs, not as restitution. *See* § 18–1.3–701(1)–(2), C.R.S.2004; *see also People v. Lowe, supra.*

Accordingly, if the court decides on remand to reinstate the restitution orders, it shall determine whether defendant must pay the "other expert witness/evaluation" expenditure as part of the cost of prosecution pursuant to § 18–1.3–701, or as restitution. *See, e.g.,* § 18–1.3–602(3)(b), C.R.S.2004 (defining "restitution" as including "extraordinary direct public and all private investigation costs").

If the court determines that the expenditure may properly be considered restitution, it may reinstate both the first and second amended restitution orders. However, if the court determines that the expenditure was a cost of prosecution, it may reinstate the first amended restitution order as the final restitution order and may amend the mittimus to reflect the additional cost ordered.

## II. Amount of Restitution

In his answer brief, defendant argued that there is no support for the amount of restitution ordered. However, we decline to address his claim because he did not raise it in the trial court. *See People v. Goldman*, 923 P.2d 374 (Colo.App.1996).

The order is reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Judge CARPARELLI and Judge PICCONE concur.