The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Buddy Allen CARDENAS,
Defendant–Appellant.

No. 09CA1092.

Colorado Court of Appeals,
Div. I.

Jan. 20, 2011.

John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

Defendant, Buddy Allen Cardenas, appeals the trial court's order denying his constitutional challenge to the postjudgment interest component of the restitution order entered in his case. We affirm.

I. Background

Defendant pleaded guilty to first degree criminal trespass. As a condition of the plea agreement, defendant agreed to pay $3,640 in restitution.

At sentencing, the trial court imposed a prison term, ordered defendant to pay the previously set restitution figure, and, pursuant to statute, ordered him to pay postjudgment interest of twelve percent per year on the restitution amount. The interest began accruing on the sentencing date.

Defendant objected to the postjudgment interest component of the order. As pertinent here, he argued that, because he was imprisoned, he would not be able to find gainful employment. Therefore, the statutory mandate requiring him to pay postjudgment interest constituted an excessive fine, which was unconstitutional as applied to him under the Eighth Amendment and Colorado Constitution article II, section 20.

The trial court disagreed. It first observed that restitution is not a fine, but "a means by which a victim is to be made whole." Then, it added that "whenever the victim has suffered a pecuniary loss, full restitution is to be ordered regardless of the defendant's ability to pay." As a result, "ordering an indigent person to pay restitution, including postjudgment interest, cannot be seen as an excessive fine or 'cruel and unusual.'"

On appeal, defendant raises the same excessive fine issue that he preserved before the trial court. We review such issues de novo. See People v. McCulloch, 198 P.3d 1264, 1268 (Colo.App.2008) ("appellate scrutiny of an Eighth Amendment challenge is de novo").

Defendant's argument raises an as-applied challenge to the portion of the restitution statute requiring postjudgment interest. See People v. Ford, 232 P.3d 260, 263 (Colo.App.2009)("an as-applied challenge alleges that the statute is unconstitutional as to the specific circumstances under which a defendant acted"). Thus, defendant bears the burden of proving, beyond a reasonable doubt, that the statute's application to him is unconstitutional. People v. Gutierrez, 622 P.2d 547, 555 (Colo.1981). For the reasons we discuss below, we conclude that defendant has not met his burden.

## II. Analysis

### A. Statutory Framework

The legislature has declared that restitution in criminal cases serves several important functions. As pertinent here, because victims "endure undue suffering and hardship" as a result of property loss due to crime, defendants who have caused such loss "should be under a moral and legal obligation to make full restitution" to those victims. § 18–1.3–601(1)(a), (b), C.R.S.2010. Requiring defendants to pay restitution assists in their rehabilitation, helps reintegrate them as "productive member[s] of society," and serves as "a deterrent to future criminality." § 18–1.3–601(1)(c), (d) & (2), C.R.S.2010.

Timely restitution is necessary to make the criminal justice system effective because it lessens the financial burden of crime on victims, compensates them for "suffering and hardship," and preserves their "individual dignity." § 18–1.3–601(1)(e), C.R.S.2010. As a result, defendants are required to pay "full restitution" in the "most expeditious manner." § 18–1.3–601(1)(g)(I), C.R.S.2010.

One mechanism used to achieve the goal of prompt payment of restitution is found in section 18–1.3–603(4)(b)(I), C.R.S. 2010. This statute mandates that restitution orders require defendants to pay "interest from the date of the entry of the order at the rate of twelve percent per annum," id., in order to "encourage expeditious payment of the restitution order," Roberts v. People, 130 P.3d 1005, 1009 (Colo.2006). By using the tool of postjudgment interest to achieve the goal of prompt payment of restitution, trial courts "properly recognize[ ] that, if restitution is not paid immediately, then victims are entitled to compensation for the delay in return of their money." People v. Garcia, 55 P.3d 243, 245 (Colo.App.2002) (restitution interest statute is not an unconstitutional ex post facto law). Although trial courts have broad discretion to determine the appropriate terms and conditions of restitution orders, People v. Estes, 923 P.2d 358, 360 (Colo. App.1996), they must order postjudgment interest. See § 18–1.3–603(4)(b)(I); Roberts, 130 P.3d at 1009 (defendants must pay postjudgment interest until the restitution order is paid in full).

### B. People v. Stafford

In People v. Stafford, 93 P.3d 572, 574–75 (Colo.App.2004), the defendant argued that the trial court imposed an excessive fine contrary to the Eighth Amendment and article II, section 20, when it ordered him to pay restitution without having first found that he had the ability to pay it. The division rejected this contention for two reasons. First, it concluded that "restitution is not the equivalent of a fine." Id. at 574. This was so because "[a] fine is solely a monetary penalty [payable to the state], while restitution serves to make the victim whole." Id. Second, the division held that, although restitution can be considered as punitive, "awarding

full restitution, without regard to a defendant's ability to pay, does not offend ... proportionality principles." *Id.*

### C. Discussion

The issue we face here is a step beyond *Stafford.* There, the defendant's excessive fine argument involved the order requiring the defendant to pay restitution. Here, defendant's excessive fine argument concerns the order requiring him to pay postjudgment interest on a restitution order that he does not otherwise challenge.

■ It is, however, a small step because we conclude, for several reasons, that *Stafford*'s rationale is persuasive when applied to the issue in this case. First, if, under *Stafford,* restitution is not a fine, then requiring defendant to pay postjudgment interest on the restitution amount is likewise not a fine. This is so because a fine is solely a monetary penalty, but postjudgment interest is a statutory mechanism designed to achieve the legislature's goal of making victims whole by encouraging defendants to pay restitution promptly. *See id.*

Second, if, under *Stafford,* a restitution order entered "without regard to a defendant's ability to pay" does not offend proportionality principles, then an order requiring twelve percent postjudgment interest to be paid on that restitution order without regard to the defendant's ability to work while incarcerated likewise does not offend proportionality principles. *See id.*

Third, if the restitution order itself did not offend the Eighth Amendment and article II, section 20 in *Stafford,* then, by a parity of reasoning, the postjudgment interest statute used to encourage prompt payment of that order does not offend those constitutional provisions. Therefore, we conclude that defendant has not proved, beyond a reasonable doubt, that the restitution postjudgment interest statute is unconstitutional as applied to him. *See People v. Griffiths,* 251 P.3d 462, 467 (Colo.App.2010) ("Defendant's incarceration does not necessarily render her unable to pay [a] surcharge.").

Defendant argues that *People v. Fichtner,* 869 P.2d 539, 542 (Colo.1994), and *People v.*

*Powell,* 748 P.2d 1355, 1357 (Colo.App.1987), require a different result. Those cases held that, if trial courts sentence defendants to terms of imprisonment, they cannot order them to pay restitution during the period of incarceration. Rather, according to those decisions, trial courts merely determined the amount of restitution, and the parole board then required defendants to begin paying restitution when released on parole.

Defendant's reliance on these two decisions is misplaced. The decisions were based on language in a prior version of the restitution statute that required courts to "fix" restitution at the time of sentencing. *See* Ch. 175, sec. 1, § 16–11–102(4), 1984 Colo. Sess. Laws 652; *People v. Apodaca,* 998 P.2d 25, 30 (Colo.App.1999). However, in 1996, the legislature amended that statute to require trial courts to "impose" restitution at the time of sentencing. Ch. 288, sec. 3, § 16–11–102(4), 1996 Colo. Sess. Laws 1778 (now codified with amendments at § 18–1.3–603(1)); *see Apodaca,* 998 P.2d at 30. Thus, the restitution statutes now require "courts [to] enter restitution orders even where a defendant is sentenced to incarceration." *Apodaca,* 998 P.2d at 31; *accord People v. Dunlap,* 222 P.3d 364, 367–68 (Colo.App.2009); *People v. Tipton,* 973 P.2d 713, 715 (Colo.App.1998).

Further, for all convictions entered on or after September 1, 2000, the legislature mandates that inmates pay at least a statutorily defined minimum toward any restitution they owe while they are incarcerated. § 16–18.5–106(2), C.R.S.2010; *see Jones v. Colorado Dep't of Corr.* 53 P.3d 1187, 1188–89 (Colo.App.2002)(explaining legislative history of this statute).

The order is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.