22CA2167 Peo v Taylor 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA2167
City and County of Denver District Court No. 22CR1181
Honorable Adam J. Espinosa, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Derrick V. Taylor,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Bianca Feierstein, Assistant Attorney General, Denver, Colorado, for
Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Christopher Smallwood,
Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Derrick V. Taylor, appeals the district court's order imposing restitution, arguing that the court violated the prohibition against excessive fines under the Eighth Amendment to the United States Constitution (excessive fines clause) by not considering his ability to pay. We affirm.

## I.    Background

¶ 2    Two police officers were injured while attempting to arrest Taylor. In exchange for the dismissal of second degree assault charges, Taylor pleaded guilty to resisting arrest and agreed to pay restitution. At sentencing, the district court found that Taylor had stipulated to his liability for restitution, and the court reserved determination of the restitution amount.

¶ 3    The prosecution moved for restitution for medical treatment for both officers and worker's compensation payments to one officer. Taylor objected and asked the court to consider his ability to pay restitution "as required by" the excessive fines clause.

¶ 4    At the conclusion of the restitution hearing, the district court rejected Taylor's argument that criminal restitution constitutes a fine under the excessive fines clause, and it imposed $4,177.59 in restitution.

## II.    Analysis

¶ 5    Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *accord* Colo. Const. art. II, § 20. To determine whether "a fine is constitutionally excessive," courts should consider a person's ability to pay. *Colo. Dep't of Lab. & Emp. v. Dami Hosp., LLC*, 2019 CO 47M, ¶¶ 27, 31.

¶ 6    The issue here is whether restitution is a "fine" subject to the excessive fines clause. Taylor maintains that because restitution is "partially punitive," the excessive fines clause applies. Thus, he says that the district court erred by not considering his ability to pay before imposing restitution.

¶ 7    We review claims under the excessive fines clause de novo. *See People v. Cardenas*, 262 P.3d 913, 914 (Colo. App. 2011); *see also Melton v. People*, 2019 CO 89, ¶ 9 (reviewing claim under the Eighth Amendment de novo).

¶ 8    Unlike a monetary fine, the purpose of restitution is "mak[e] the victim whole to the extent practicable." *People v. Courtney*, 868 P.2d 1126, 1128 (Colo. App. 1993); *cf.* § 18-1.3-401(1)(a)(III)(A), C.R.S. 2024 (identifying fines among the presumptive penalties in

felony criminal cases); *Cardenas*, 262 P.3d 915 ("[A] fine is solely a monetary penalty.")  Crime victims are entitled to restitution for "losses or injuries proximately caused by [the] offender's conduct . . . that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2024; *see also id.* (Restitution means "any pecuniary loss suffered by a victim.").

¶ 9     Rejecting an argument similar to the one Taylor advances here, a division of this court concluded that restitution is not a fine under the excessive fines clause.  *People v. Stafford*, 93 P.3d 572, 574-75 (Colo. App. 2004).  It reasoned that "[a] fine is solely a monetary penalty, while restitution serves to make the victim whole."  *Id.* at 574.  Thus, the division concluded that the Constitution does not require that a court consider the defendant's ability to pay when it orders restitution.  *Id.* at 575; *see also Cardenas*, 262 P.3d at 915 (rejecting Eighth Amendment claim that postjudgment interest on a restitution order constitutes an excessive fine because restitution is not a fine).

¶ 10    Taylor urges us not to follow *Stafford*, arguing that because restitution is "partially punitive," it must be a fine.  Even accepting Taylor's premise, we reject this argument for the same reasons

3

outlined in *Stafford*. Not only are we persuaded by *Stafford*, but we are aware of no Colorado or United States Supreme Court case concluding that restitution constitutes a fine under the excessive fines clause. Because we agree with *Stafford* that restitution is different from a monetary fine, we decline to depart from *Stafford*.

¶ 11 This conclusion is consistent with the plain legislative intent that restitution be imposed without regard to a defendant's ability to pay. We know that is the legislative intent because Colorado once required courts to consider a defendant's ability to pay when imposing restitution, *see* § 16-11-204.5(1), C.R.S. 1986, but the legislature removed that requirement in 1996, *see* Ch. 288, sec. 4, § 16-11-204.5(1), 1996 Colo. Sess. Laws 1778. Courts now determine restitution based on the victim's pecuniary loss without regard to a defendant's ability to pay. § 18-1.3-601(1)(b), (g)(I); *see also* § 18-1.3-602(3)(a). And "[w]e presume legislative enactments . . . by the General Assembly . . . to be constitutional." *Huber v. Colo. Mining Ass'n*, 264 P.3d 884, 889 (Colo. 2011); *accord* § 2-4-201(1)(a), C.R.S. 2024.

¶ 12 We are unpersuaded that *Paroline v. United States*, 572 U.S. 434 (2014), requires a different result. *Paroline* was a child

4

pornography case in which the victim suffered lost income and would need future counseling from the trauma of knowing that images of her abuse were being viewed by potentially thousands of people on the internet. *Id.* at 440-41. The question in that case was whether the defendant — a possessor of the pornographic content — was the proximate cause of the victim's losses. *Id.* at 443. The Supreme Court held he was not, commenting that holding a possessor liable for the conduct of "thousands of other independently acting possessors and distributors, with no legal or practical avenue for seeking contribution," would be "so severe it might raise questions" under the excessive fines clause. *Id.* at 455. Instead, the Court imposed restitution under the federal restitution statute, 18 U.S.C. § 2259, for only those losses proximately caused by the defendant's conduct. *See Paroline,* 572 U.S. at 443-63. That's entirely consistent with Colorado's proximate cause requirement for imposing restitution. *See* § 18-1.3-602(3)(a). To the extent *Paroline* hinted that the excessive fines clause could apply to a restitution order, it did so only in dicta. *See Paroline,* 572 U.S. at 456.

5

¶ 13 The remaining cases Taylor cites are equally out of place. For example, *Austin v. United States*, 509 U.S. 602, 621 (1993), and *United States v. Bajakajian*, 524 U.S. 321, 328, 334 (1998), are civil forfeiture cases, not criminal restitution cases. *See Timbs v. Indiana*, 586 U.S. 146, 154-56 (2019) (holding that the excessive fines clause applies to state civil forfeiture actions). And the Colorado cases Taylor cites — *Dami* and *Malone* — address monetary fines, again not criminal restitution. *See Dami*, ¶¶ 27, 31 (addressing the imposition of $841,200 in per diem fines for failure to maintain workers' compensation insurance); *People v. Malone*, 923 P.2d 163, 166 (Colo. App. 1995) (vacating a $100,000 fine where the defendant caused $400 in property damage because the sentencing court had not considered the defendant's ability to pay); *see also People v. Pourat*, 100 P.3d 503, 507-08 (Colo. App. 2004) (applying *Malone*).

¶ 14 In sum, we conclude that restitution doesn't constitute a fine under the excessive fines clause. And because the district court wasn't required to consider Taylor's ability to pay before imposing restitution, we necessarily reject his request for a remand to reconsider restitution in light of his ability to pay.

### III. Disposition

The order is affirmed.

JUDGE NAVARRO and JUDGE GOMEZ concur.