23CA0912 Peo v Zamora 05-08-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0912
City and County of Broomfield District Court No. 21CR434
Honorable Priscilla J. Loew, Judge
Honorable Sean Finn, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Anthony Wayne Zamora, Jr.,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 8, 2025

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jason C. Middleton, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Anthony Wayne Zamora, Jr., appeals the district court's restitution order.  We affirm.

## I.    Background

¶ 2    After Zamora used a fraudulent check to buy a car and a forged check to buy a trailer, he was charged with first degree aggravated motor vehicle theft, fraud by check, forgery, and theft.

¶ 3    He pleaded guilty to an added count of second degree aggravated motor vehicle theft in exchange for the dismissal of the original counts.  As part of the plea agreement, Zamora agreed to pay restitution for any loss resulting from his conduct, including conduct related to the dismissed charges.

¶ 4    The prosecution requested restitution in the amount of $1,317.25 to be paid to High Plains Trailers.  Zamora filed an objection, arguing that there was insufficient evidence to support the requested amounts.  The court set a restitution hearing.

¶ 5    At the hearing, the victim of the offense — the owner of High Plains Trailers — testified for the prosecution.  As relevant here, he testified that when the trailer was recovered it was towed to a lot in Castle Rock, and he had to personally retrieve the trailer and bring it back to High Plains Trailers in Commerce City for a cost of $3.50

per mile, or $250.  He also said that the trailer had to be cleaned and detailed in-house after it was recovered, which cost $131.

¶ 6     Defense counsel objected to those amounts, arguing that because the victim owned his own business, he did not sustain any out-of-pocket losses; instead, any expenses he incurred, "he would have incurred anyway."  The district court granted the prosecution's restitution request as submitted, finding it "reasonable to conclude that this was an expense that was incurred by the company."

## II.     Sufficiency of the Evidence

¶ 7     On appeal, Zamora challenges the sufficiency of the evidence only with respect to the amounts awarded for transporting the trailer and cleaning it.

### A.     Standard of Review and Applicable Law

¶ 8     In the restitution context, we review for clear error the district court's determination that the defendant proximately caused the victim's losses.  *Martinez v. People*, 2024 CO 6M, ¶ 32.  But when, as here, a defendant challenges the sufficiency of the evidence supporting the amount of restitution awarded — that is, a challenge to the *quantum* of evidence provided to the court — our review is de novo.  *See id.* at ¶¶ 19-22; *People v. Moss*, 2022 COA 92, ¶ 11.

Evidence is sufficient when the evidence, both direct and circumstantial, "viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss." *People v. Barbre*, 2018 COA 123, ¶ 25. "A fact is established by a preponderance of the evidence when, upon consideration of all the evidence, the existence of that fact is more probable than its nonexistence." *People v. Garner*, 806 P.2d 366, 370 (Colo. 1991). While "[m]ore than speculation is required for a defendant to bear responsibility for a victim's loss," the prosecution does not need to prove a victim's loss "by the same quality of evidence required in a trial." *People in Interest of A.V.*, 2018 COA 138M, ¶ 24.

¶ 9    Restitution means "any pecuniary loss suffered by a victim." § 18-1.3-602(3)(a), C.R.S. 2024. It includes all "losses or injuries proximately caused by an offender's conduct . . . that can be reasonably calculated and recompensed in money." *Id.* Restitution's purpose "is to make the victim whole, and the Restitution Act is to be 'liberally construed' to accomplish that purpose." *People v. Stone*, 2020 COA 24, ¶ 5 (quoting *People v.*

*McCann,* 122 P.3d 1085, 1087 (Colo. App. 2005), *overruled on other grounds by People v. Weeks,* 2021 CO 75).

## B. Analysis

¶ 10    Zamora first contends that the evidence was insufficient to support the $250 restitution award for transporting the trailer. He says that because the owner picked up the trailer himself and "a tow hitch was all that was necessary," he was not entitled to the $3.50 per mile award, which would only apply if the owner had used "special equipment" to tow the trailer.

¶ 11    We reject Zamora's argument because we disagree with his reading of the owner's testimony. The owner testified that he spent half a day retrieving the trailer from the tow lot in Castle Rock. He explained that this was a sixty-six-mile roundtrip drive at a "going rate . . . for freight" of $3.50 per mile, which is "what it costs [him] to bring trailers in that [he] pay[s] to have . . . transported to [his] facility." He said that the $250 included the cost of "the miles down there and back" as well as "the time once we're down there to be able to go in, pay the bills, get the vehicle out of tow."

¶ 12    Contrary to Zamora's assertion, the owner did not testify that he forwent any special equipment and simply attached the trailer to

4

his own truck.  Rather, when asked why he was not charging the "business standard rate" of $0.65 per mile for the trip, he explained that the lower rate would apply "if [he] was to drive down there [to Castle Rock] and not return with the trailer," but to retrieve a trailer, he "ha[d] to send a piece of equipment down there big enough to be able to transport the trailer back" to Commerce City.  And because $3.50 per mile is "the transport rate that [his] drivers charge," he charged that same amount for the trip.

¶ 13    The owner never said that he used a "tow hitch" to transport the trailer.  Defense counsel hypothesized that because Zamora "drove around with the trailer with a truck," the owner could have done the same and transported the trailer without using any special equipment.  But that was just an argument by counsel, which was not supported by the owner's testimony.

¶ 14    Zamora does not challenge the $3.50 per mile rate on any other basis.  (We reject his argument that the sixty-six-mile trip yields a total award of $231, not $250, because that calculation does not account for the time the owner spent paying the tow bill and moving the trailer off the lot.)  Accordingly, viewing the evidence in the light most favorable to the prosecution, we conclude that it

5

was sufficient to support the $250 awarded for transporting the trailer.

¶ 15    Zamora also contends that the evidence was insufficient to support the $131 awarded for cleaning and detailing the trailer. Specifically, he argues that the owner's testimony was based on speculation and that no evidence was presented of the "actual time and/or costs."

¶ 16    The owner testified that he had the trailer cleaned and detailed "in-house," and he charged the "normal" "shop rate" of $120 per hour. He submitted an invoice for the cleaning, and, at the hearing, he explained that "if [he] had" $131 on the invoice, he "assum[ed] [he] had somebody on it for a little over an hour." He could not be more precise, he said, because "it [had] been well over a year" since he recovered the trailer.

¶ 17    We conclude that the owner's testimony and the invoice were sufficient to support the restitution award of $131 for cleaning the trailer. *See People v. Stafford*, 93 P.3d 572, 576 (Colo. App. 2004) (rejecting the argument that the restitution award was too speculative where it was based solely on the victim's testimony regarding the amount of the loss). Zamora presented no evidence to

6

rebut the testimony supporting the amount.  *See A.V.*, ¶ 30 (concluding that because the defendant failed to rebut the prosecution's evidence on estimated expenses, "the juvenile court properly relied on the evidence presented"); *People v. Miller*, 830 P.2d 1092, 1094 (Colo. App. 1991) ("[I]f the defendant fails to show that the information is inaccurate or untrue, the trial court is entitled to rely upon the report or statement as submitted.").

## III.   Disposition

The restitution order is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.