The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Carol GARCIA, Defendant–Appellant.

No. 01CA0188.

Colorado Court of Appeals, Division II.

April 25, 2002.

Ken Salazar, Attorney General, Evan W. Jones, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

Defendant, Carol Garcia, appeals from the sentence imposed following her guilty plea to theft and unauthorized use of a financial transaction device. We dismiss the appeal in part and affirm the sentence.

Pursuant to a plea bargain, defendant pleaded guilty to theft and unauthorized use of a financial transaction device in exchange for the dismissal of other charges against her. The plea agreement provided for a sentencing cap of twelve years. Defendant also agreed to pay restitution of $136,053 plus accrued finance charges on several credit card accounts.

The trial court sentenced defendant to concurrent terms of twelve years in the Department of Corrections (DOC) for the two counts, with a five-year period of mandatory parole. The court further ordered her to pay $138,777.10 in restitution.

## I.

Defendant contends that the trial court abused its discretion by emphasizing punishment to the exclusion of other sentencing objectives and refusing to consider a community corrections sentence. The People contend that defendant's appeal is barred by § 18–1–409(1), C.R.S.2001, and, therefore, is not properly before us. We agree with the People and dismiss this part of the appeal.

As applicable here, § 18–1–409(1) provides for appellate review of the propriety of a sentence except in cases where the sentence imposed is "within a range agreed upon by the parties pursuant to a plea agreement." Here, defendant seeks review of the propriety of a sentence imposed within the limits for which she bargained. Under § 18–1–409(1), she is precluded from doing so. *See People v. O'Dell*, 53 P.3d 655 (Colo.App. No. 00CA1656, 2001 WL 1135646, Sept. 27, 2001). Accordingly, this portion of the appeal is dismissed.

## II.

Defendant also contends that the trial court erred in imposing a twelve-percent interest rate on the amount of restitution it ordered her to pay. Specifically, she argues that the court violated her right to protection against ex post facto application of the law by imposing the twelve-percent interest rate under § 16–18.5–103, C.R.S.2001. Alternatively, she argues that the rule of lenity requires that the interest rate be set at eight percent. We disagree.

Section 16–18.5–103 provides in pertinent part:

(1) *Every order of conviction* of a felony, misdemeanor, petty, or traffic misdemeanor offense ... shall include consideration of restitution. . . .

(4)(a) Any order for restitution entered pursuant to this section shall be a final civil judgment in favor of the state and any victim. *Notwithstanding any other civil or criminal statute or rule*, any such judgment shall remain in force until the restitution is paid in full.

(b) Any order for restitution made pursuant to this section shall also be deemed to order that:

(I) The defendant owes interest from the date of the entry of the order at the rate of twelve percent per annum. . . .

(Emphasis supplied.)

Where a law either imposes punishment for an act that was not a crime when it was committed or makes the punishment for a crime more onerous than it was when the crime was committed, the law violates the

constitutional prohibitions against ex post facto laws. *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *People v. Woodward*, 11 P.3d 1090 (Colo.2000).

■ A statute is not rendered unconstitutional as an ex post facto law merely because some of the facts upon which it operates occurred before the adoption of the statute. *See People v. McCreadie*, 938 P.2d 528 (Colo. 1997); *People v. Bowring*, 902 P.2d 911 (Colo.App.1995)(even though one of the incidents relied on by prosecution to prove pattern sexual abuse may have occurred before effective date of statute, there was no ex post facto violation where the triggering act occurred after the statute's effective date).

### A.

■ Defendant first argues that because the offenses to which she pleaded guilty were all committed before the effective date of § 16–18.5–103, the court could not impose the twelve-percent interest rate provided under the statute. We do not agree.

■ In construing a statute, we give effect to the intent of the General Assembly by looking first to the language of the statute. The words and phrases used are to be read in context and accorded their plain meaning. *Vega v. People*, 893 P.2d 107 (Colo.1995).

Section 16–18.5–103 expressly provides that interest is to be calculated at twelve percent for every order of conviction of a felony. The enabling legislation further provides that § 16–18.5–103 shall apply to "orders for convictions entered on or after the applicable effective date of this act," here September 1, 2000. Colo. Sess. Laws 2000, ch. 232, sec. 25 at 1053.

Although the offenses to which defendant pleaded guilty were committed between January 1, 1996, and April 13, 2000, the order of conviction was entered on October 6, 2000, when defendant entered her plea and the trial court accepted it. *See* § 16–18.5–102(2), C.R.S.2001 (conviction means a verdict of guilty that is accepted by the court). Thus, the triggering event under the plain language of the statute is the entry of the order of conviction, here on October 6, 2000. The applicable interest rate for an order of restitution is the one in effect at that time, twelve percent.

### B.

Nevertheless, defendant argues that the court erred in imposing the twelve-percent interest rate because it illegally increased the punishment to which she was subject at the time the offenses were committed and therefore violated the prohibition against ex post facto legislation. For purposes of an ex post facto analysis, we must look at the date the offense was completed, not the date of conviction. Even from that perspective, however, we are not persuaded that the prohibition against ex post facto legislation was violated.

■ Generally, the right to interest is created and regulated by statute. *Clark v. Hicks*, 127 Colo. 25, 252 P.2d 1067 (1953). Interest represents just compensation for use of money rightfully belonging to someone else. *Stone v. Currigan*, 138 Colo. 442, 334 P.2d 740 (1959).

Restitution is intended to make the victim whole. *People v. Engel*, 746 P.2d 60 (Colo. App.1987). Although historically an award of interest was not to be included in an order of restitution, *People v. Engel, supra*, courts have since recognized circumstances where including interest in restitution is appropriate. *See People v. Acosta*, 860 P.2d 1376 (Colo.App.1993); *Valenzuela v. People*, 893 P.2d 97 (Colo.1995)(noting that court has discretionary power to make victim whole).

We conclude that the imposition of a twelve-percent interest rate from the date of the order of conviction properly recognizes that, if restitution is not paid immediately, then victims are entitled to compensation for the delay in return of their money. Section 16–18.5–103 merely codifies this discretionary power and sets a uniform interest rate of twelve percent, which a defendant can avoid entirely by immediate payment. Here, defendant does not claim the twelve-percent rate to be unreasonable. Thus, imposing prospective interest at a reasonable rate on an order of restitution does not, by itself, make the punishment more onerous in viola-

tion of the prohibition against ex post facto legislation.

Accordingly, the trial court did not err in imposing the twelve-percent interest rate on the order of restitution.

Contrary to defendant's contention, we also do not agree that the court should have imposed interest at a lesser rate which, defendant argues, the victim would have obtained by investing the money in the current financial environment. The court was required to impose interest at this statutory rate. Setting a uniform rate, as opposed to case-by-case determination, lies within the province of the legislature, so long as the rate falls within a reasonable range. *Cf. Church v. American Standard Ins. Co.,* 764 P.2d 405 (Colo.App.1988)(statutory interest rate of 8% precluded court from awarding interest at 9%, absent agreement).

### C.

Alternatively, defendant argues that the rule of lenity requires the trial court to impose an eight-percent interest rate because § 16–18.5–103 conflicts with §§ 5–12–101 and 5–12–102(4)(b), C.R.S.2001, setting forth differing interest rates. We perceive no conflict.

If legislative intent cannot be discerned using other maxims of statutory interpretation then the rule of lenity requires that courts resolve ambiguities and conflicts in the statutes in the defendant's favor. *See People v. Pierrie,* 30 P.3d 816 (Colo.App. 2001); *People v. Gonzales,* 973 P.2d 732 (Colo.App.1999).

Section 5–12–101, entitled "Legal rate of interest," provides "If there is no agreement or provision of law for a different rate, the interest on money shall be at the rate of eight percent per annum, compounded annually." Under § 5–12–102(4)(b), entitled "Statutory Interest," interest to creditors accrues at eight percent per annum in all cases where no rate is specified.

Section 16–18.5–103 is a provision of law expressly providing for a different rate, as contemplated under §§ 5–12–101 and 5–12–102(4)(b). Therefore, the statutes do not conflict, and the rule of lenity does not apply.

Thus, the trial court did not err in imposing interest at the rate of twelve percent.

That part of the appeal challenging the propriety of the DOC sentence is dismissed, and the sentence is affirmed.

Judge PLANK and Judge JONES concur.