The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Carolyn Ersila ROBERTS, a/k/a Carolyn Wilson, Defendant–Appellant.**

No. 03CA0214.

Colorado Court of Appeals, Div. I.

Jan. 13, 2005.

Certiorari Granted June 6, 2005.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CASEBOLT, J.

Defendant, Carolyn Ersila Roberts, appeals the order of restitution imposed in conjunction with her sentence to probation. We affirm.

While acting as a caregiver for an elderly person, defendant converted that person's funds to her own use. Defendant pleaded guilty to one count of theft from an at-risk adult, a class three felony, and the trial court sentenced her to five years of probation. The court ordered her to pay $6,645.86 in restitution to the victim. Relying upon § 5–12–102, C.R.S.2004, the court awarded prejudgment interest at eight percent per annum from the date of the offense to the date the judgment of conviction entered, totaling $2,139.31. Relying upon § 18–1.3–603(4)(b), C.R.S.2004 (formerly § 16–18.5–103(4)(b)), the court also ordered that postjudgment interest would accrue at twelve percent per annum on the total sum of $8,785.17. This appeal followed.

Defendant contends that the trial court abused its discretion and exceeded its sentencing authority when it imposed prejudgment interest of $2,139.31 in the restitution order. We disagree.

A trial court has broad discretion in determining appropriate terms and conditions of restitution orders. Absent a gross abuse of discretion, the trial court's ruling will not be disturbed on appeal. *People v. Estes,* 923 P.2d 358 (Colo.App.1996).

Generally, the right to interest is created and regulated by statute. Interest represents just compensation for use of money rightfully belonging to someone else. *People v. Garcia,* 55 P.3d 243 (Colo.App. 2002).

Restitution is intended to make the victim whole, *People v. Engel,* 746 P.2d 60 (Colo.App.1987), and to take the profit out of a defendant's crimes. *People v. Borquez,* 814 P.2d 382 (Colo.1991).

Although historically an award of interest was not to be included in an order of restitution, *People v. Engel, supra,* courts have since recognized circumstances where including interest in restitution is appropriate, even absent explicit statutory authorization. *See Valenzuela v. People,* 893 P.2d 97 (Colo.1995); *People v. Garcia, supra; People v. Acosta,* 860 P.2d 1376 (Colo.App.1993).

As pertinent here, § 18–1.3–205, C.R.S. 2004 (formerly § 16–11–204.5), provides that

"[a]s a condition of every sentence to probation, the court shall order that the defendant make full restitution pursuant to the provisions of part 6 of this article and article 18.5 of title 16, C.R.S." Section 18–1.3–603, C.R.S. 2004 (formerly § 16–18.5–103), requires a court, inter alia, to order the defendant to pay a specific amount of restitution.

Section 18–1.3–602(3)(a), C.R.S.2004 (formerly § 16–18.5–102(3)(a)), defines restitution as "any pecuniary loss suffered by a victim, and includes but is not limited to all out-of-pocket expenses, *interest, loss of use of money* ... and other losses ... proximately cause by an offender's conduct and that can be reasonably calculated and recompensed in money." (emphasis supplied).

In construing a statute, we give effect to the intent of the General Assembly by looking first to the language of the statute. The words and phrases used are to be read in context and accorded their plain meaning. *Vega v. People,* 893 P.2d 107 (Colo.1995). Restitution statutes are to be construed liberally to facilitate and provide for full collection of restitution for crime victims and to ensure effective and timely assessment, collection, and distribution of restitution. Section 18–1.3–601(1)(g)(I)–(II), (2), C.R.S.2004 (formerly § 16–18.5–101(1)(g)(I)–(II), (2)).

Here, the pertinent statutory provisions now define restitution to include interest and loss of use of money. They further require the court to order full restitution to the victim. As the supreme court noted in *Valenzuela v. People, supra,* awarding interest as part of restitution is compensation for actual, pecuniary damage suffered by the victim incidental to a defendant's crime of fraudulently obtaining funds, because the victim loses the use of the money involved. Interest is awarded as restitution to compensate the victim for such a loss of use. *See People v. Acosta, supra; Voight v. Colorado Mountain Club,* 819 P.2d 1088 (Colo.App. 1991).

Accordingly, we conclude that the statutory provisions authorize courts to award interest as part of restitution.

Defendant nevertheless contends that § 18–1.3–603(4)(b) only provides for assessment of postjudgment interest and that imposing prejudgment interest is beyond the court's sentencing authority. We disagree.

Subject to constitutional limitations, it is the prerogative of the General Assembly to define crimes and prescribe punishments. Courts therefore exercise discretion in sentencing only to the extent permitted by statute. *Martinez v. People,* 69 P.3d 1029 (Colo. 2003).

A sentence that is beyond the statutory authority of the court is illegal. Courts are limited to imposing sentences within the statutory range authorized by the General Assembly and have no jurisdiction to impose sentences that are inconsistent with their sentencing authority as statutorily defined. *People v. District Court,* 673 P.2d 991 (Colo. 1983); *People v. Anaya,* 894 P.2d 28 (Colo. App.1994).

Here, § 18–1.3–603(4)(b) provides that "[a]ny order for restitution made pursuant to this section shall also be deemed to order that ... [t]he defendant owes interest from the date of the entry of the order at the rate of twelve percent per annum." Defendant asserts that the statutory language makes no mention of prejudgment interest. She argues that, had the General Assembly intended to compensate a victim by authorizing interest from the date of the offense, it could have easily incorporated language similar to the civil interest statute. *See* § 5–12–102 (if there is no agreement as to interest, creditors shall receive interest at eight percent per annum from the date the money is wrongfully withheld to the date of payment or date judgment is entered, whichever occurs first).

However, we read the statute merely to provide a certain, definite postjudgment interest rate. We do not read the statute to mandate that *only* postjudgment interest may be imposed. Such an interpretation would run afoul of the requirement that we construe the restitution statutes liberally to make the victim whole. Moreover, defendant's proposed construction would not take the profit out of a defendant's crime because a defendant would be able to obtain the free

use of a victim's funds before suffering a judgment of conviction.

Accordingly, the trial court did not abuse its discretion or exceed its statutory sentencing authority when it imposed prejudgment interest of eight percent in the restitution order.

The order is affirmed.

Judge MARQUEZ and Judge ROY concur.