The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 29, 2019

**2019COA135**

**No. 2018CA0575 *People in Interest of D.L.C.* — Juvenile Court
— Delinquency — Sentencing — Restitution**

In this appeal of a juvenile's restitution obligation resulting
from his adjudication, a division of the court of appeals considers
whether a juvenile court may suspend accrual of postjudgment
interest on restitution for a juvenile while he is committed to the
Division of Youth Services under the juvenile restitution statute.
The division concludes it cannot and affirms the district court's
order denying D.L.C.'s motion to suspend postjudgment interest.

Court of Appeals No. 18CA0575
El Paso County District Court No. 16JD742
Honorable G. David Miller, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of D.L.C.,

Juvenile-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE HAWTHORNE
Taubman and Grove, JJ., concur

Announced August 29, 2019

Philip J. Weiser, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Amy D. Trenary, Alternate Defense Counsel, Broomfield, Colorado, for Juvenile-Appellant

¶ 1    Under the juvenile restitution statute, may a juvenile court suspend accrual of postjudgment interest on restitution for a juvenile while he is committed to the Division of Youth Services (DYS)?  We answer "no" and affirm the district court's order denying D.L.C.'s motion to suspend postjudgment interest.

## I.    *Factual Background and Procedural History*

¶ 2    D.L.C. pleaded guilty to aggravated motor vehicle theft.  He also agreed to pay restitution.  The juvenile court magistrate sentenced D.L.C. to probation and granted the People's restitution request, ordering D.L.C. to pay $59,417.07[1] in restitution.

¶ 3    Later, the magistrate revoked D.L.C.'s probation after he pleaded guilty to committing other offenses in a different case (17JD487) and committed D.L.C. to DYS.[2]  The magistrate ordered D.L.C. to pay restitution in this case and also made it a condition of his parole in case 17JD487 after his commitment to DYS.

¶ 4    D.L.C. filed a motion asking the magistrate to suspend postjudgment interest on restitution in this case and case 17JD487 while he is committed to DYS.  After the magistrate denied the

---

[1] This amount was later amended to $56,349.07.
[2] D.L.C. also appeals from case 17JD487 in 18CA0574.

motion, D.L.C. asked the district court to review the magistrate's order. The district court upheld the magistrate's order, finding that it didn't have authority to suspend postjudgment interest under the statutory scheme or case law.

## II. Postjudgment Restitution Interest Can't Be Suspended for a Juvenile Under the Adult Restitution Statute

¶ 5    D.L.C. contends that the district court erred in refusing to suspend accrual of postjudgment interest on his restitution obligation while he is committed to DYS because section 19-2-918(2), C.R.S. 2018, authorizes such suspension "to ensure that restitution is ordered to be paid in a reasonable manner." We disagree.

### A. Standard of Review and Applicable Law

¶ 6    We generally review a trial court's restitution order for an abuse of discretion. *See People v. Henry*, 2018 COA 48M, ¶ 12; *cf. People v. Barbre*, 2018 COA 123, ¶ 21. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law. *Henry*, ¶ 12. We review de novo statutory interpretation questions. *See Cowen v.*

*People*, 2018 CO 96, ¶ 11; *Dubois v. People*, 211 P.3d 41, 43 (Colo. 2009).

¶ 7     Our primary purpose when construing a statute is to ascertain and give effect to the General Assembly's intent. *Cowen,* ¶ 12. We look first to the statute's language, giving words and phrases their plain and ordinary meanings. *Doubleday v. People*, 2016 CO 3, ¶ 19. We read statutory words and phrases in context and construe them according to the rules of grammar and common usage. *Id.*; *Marquez v. People,* 2013 CO 58, ¶ 8 ("It is widely accepted that where the legislature has not expressly defined a statutory term or otherwise limited its meaning, that term must be given its ordinary meaning."). If the statute is unambiguous, we needn't conduct any further statutory analysis. *Doubleday,* ¶ 20.

¶ 8     When the court finds that a juvenile who is adjudicated a delinquent has damaged a victim's real or personal property, has lost a victim's personal property, or causes a victim personal injury, the court "shall enter a sentencing order requiring the juvenile to make restitution as required by [the adult criminal restitution statutes]." § 19-2-918(1); *People in Interest of A.V.,* 2018 COA 138M, ¶ 22.

3

¶ 9    The adult criminal restitution statutes require offenders to pay "full restitution" to victims harmed by their misconduct. § 18-1.3-601(1)(b), C.R.S. 2018.; *A.V.*, ¶ 23. "Restitution" means in relevant part "any pecuniary loss suffered by a victim and includes but is not limited to all out-of-pocket expenses, interest, loss of use of money, anticipated future expenses . . . and other losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2018. Postjudgment interest accrues "for as long as the victim has not been paid in full" and must be added to all restitution orders to "encourage expeditious payment of the restitution order." *Roberts v. People*, 130 P.3d 1005, 1009 (Colo. 2006).

## B.    *Analysis*

¶ 10    D.L.C. argues that the district court has authority to suspend postjudgment interest based on the following statutory language: "Restitution shall be ordered to be paid in a *reasonable manner*, as determined by the court and in accordance with [the adult criminal restitution statutes]." § 19-2-918(2) (emphasis added). He also argues that the statute's "reasonable manner" language is

4

ambiguous, so we should broadly interpret the statute to consider a juvenile's unique circumstances, postjudgment interest's purposes, and the juvenile justice system's overall restorative and rehabilitative aims. According to D.L.C., considering these factors, it's unreasonable to accrue postjudgment interest while he is committed to DYS and can't pay restitution.

¶ 11     Another division of this court recently addressed section 19-2-918(2)'s "reasonable manner" language, concluding that it didn't allow a district court to modify a restitution order based on a juvenile's ability to pay or any hardship that the juvenile might experience. *A.V.*, ¶ 41. The division based its conclusion on the General Assembly's removal of language from section 19-2-918 requiring that restitution be ordered "in a reasonable amount" and precluded if payment "would cause serious hardship or injustice to the juvenile." *Id.* at ¶¶ 40-41. The division concluded that these deletions reflected the General Assembly's intent to remove ability to pay and hardship from a juvenile court's consideration when ordering restitution. It also concluded that it was "bound by the statute's plain language, which mandates that the juvenile court order full restitution for the victims' losses." *Id.* at ¶ 41.

¶ 12    We are likewise bound by the plain language of section 18-1.3-603(4)(a)(I), C.R.S. 2018: "Any order for restitution entered pursuant to this section is a final civil judgment in favor of the state and any victim.  Notwithstanding any other civil or criminal statute or rule, any such judgment remains in force until the restitution is paid in full."  And nested within "[a]ny order for restitution made pursuant to this section is also an order that . . . [t]he defendant owes simple interest from the date of the entry of the order at the rate of eight percent per annum."  § 18-1.3-603(4)(b)(I).  The adult criminal restitution statute's plain language is unambiguous, and it compels the accrual of simple interest from the date the restitution order is entered.  Again, we are "bound by the statute's plain language."  *A.V.*, ¶ 41.

¶ 13    D.L.C. also argues that the language "in accordance with [the adult criminal restitution statutes]" in section 19-2-918(2) likewise gave the juvenile court discretion to suspend postjudgment interest because adult restitution contains requirements that are inapplicable to juveniles, so the adult criminal restitution statutes can't be strictly applied to juveniles.  *See, e.g.*, § 16-18.5-106, C.R.S. 2018 (adult defendants required to pay restitution from

6

Department of Corrections bank accounts based on ability to pay while incarcerated). We disagree. It's true that some adult criminal restitution statutes impose requirements inapplicable to juveniles, but section 18-1.3-603(4)(b)(I)'s plain language applies equally to juveniles and suspending postjudgment interest wouldn't be "in accordance with" this plain language.

### III. Due Process

¶ 14 D.L.C. contends that the statute's postjudgment interest provision is unconstitutional as applied to him because it's fundamentally unfair and violates constitutional due process requirements.

¶ 15 D.L.C. failed to preserve his constitutional claims with the district court on review of the magistrate's order. D.L.C. argued to the district court that

> to the extent that this [motion] is construed as a constitutional as-applied challenge to the [statute] . . . [D.L.C.] has proved beyond a reasonable doubt that the statute is unconstitutional as applied to him pursuant to the federal and Colorado constitutions. U.S. Const. amend. V, VIII, XIV; Colo. Const. art. II, sec. 3, 20, 25.

This general conclusory statement isn't sufficient to preserve the specific argument he now makes on appeal. *See also Martinez v. People*, 2015 CO 16, ¶ 14 ("A general objection will not suffice. Parties must make objections that are specific enough to draw the trial court's attention to the asserted error.") (citation omitted).

¶ 16    We may address an unpreserved constitutional claim for plain error. *See Reyna-Abarca v. People*, 2017 CO 15, ¶ 47. And reviewing for plain error, we conclude that no case law or other authority existed that should've caused the district court to, on its own motion, find the statute unconstitutional as applied because it denied D.L.C. due process. *See People in Interest of L.C.*, 2017 COA 82, ¶ 20. So any possible error wouldn't have been obvious and thus not plain. *See People v. Miller*, 113 P.3d 743, 750 (Colo. 2005) (for plain error to apply, error must have been "obvious").

## IV.    Conclusion

¶ 17    The district court's order is affirmed.

JUDGE TAUBMAN and JUDGE GROVE concur.