The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
June 24, 2021

**2021COA86**

**No. 19CA2273, *Peo in Interest of B.H.* — Criminal Law —**

**Sentencing — Restitution — Prejudgment Interest**

A division of the court of appeals determines, as a matter of first impression, that under section 18-1.3-602(3), C.R.S. 2020, prejudgment interest only begins to accrue on a restitution claim for property damage from the date of the victims' out-of-pocket losses, which is not necessarily the same date as when the property was damaged.

Court of Appeals No. 19CA2273
El Paso County District Court Nos. 18JD915 & 18JD1115
Honorable Shannon Gerhart, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of B.H.,

Juvenile-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE GROVE
Bernard, C.J., and Richman, J., concur

Announced June 24, 2021

Philip J. Weiser, Attorney General, Kevin E. McReynolds, Senior Assistant
Attorney General, Denver, Colorado, for Petitioner-Appellee

Hardy & Juba LLC, Michael S. Juba, Denver, Colorado, for Juvenile-Appellant

¶ 1    B.H., a juvenile, appeals the district court's order awarding prejudgment interest on restitution for property losses that he caused while committing a string of burglaries and other crimes in El Paso County.  We reverse the district court's order and remand the case with directions to recalculate prejudgment interest from the date of the victims' out-of-pocket losses.

## I.    Background

¶ 2    After B.H. was charged in several juvenile delinquency cases, he reached a stipulated agreement with the prosecution under which he pleaded guilty to several offenses in exchange for the dismissal of other pending cases.  The agreement called for a two-year sentence in the Division of Youth Services and required B.H. to pay restitution related to each of the original charges.  The agreement was silent, however, as to the accrual of interest on that amount.

¶ 3    After sentencing, the People filed a motion seeking more than $100,000 in restitution on behalf of a number of individuals, businesses, and insurance companies that had suffered losses as a result of B.H.'s conduct.  The requested amounts each included "interest accrued at 8% from the time of loss."

1

¶ 4     A few weeks later, the General Assembly passed legislation providing that "[i]nterest on an order for restitution does not accrue while . . . [t]he defendant is in a juvenile delinquency case and is under twenty-one years of age." § 18-1.3-603(4)(b.5)(I)(B), C.R.S. 2020; *see* Ch. 303, sec. 1, § 18-1.3-603(4)(b.5), 2019 Colo. Sess. Laws 2778.  The parties agreed that the amendment applied to B.H., and that *postjudgment* interest would not accrue so long as he met the statutory criteria.  But they disagreed about the effect of the amendment on *prejudgment* interest.  In a written response to the prosecution's motion for restitution, B.H. asserted that the statutory amendment foreclosed interest of any kind.  (He does not pursue this argument on appeal.)  At the restitution hearing, B.H. argued that prejudgment interest does not accrue at all on restitution relating to property damage.

¶ 5     The district court rejected both arguments and ruled that "full restitution" for property damage includes prejudgment interest "from the date of the offense up until the restitution award."  It accordingly imposed prejudgment interest on the stipulated amounts accruing from the dates of B.H.'s offenses.  B.H. contends that this was error, and we agree in part.  We therefore reverse the

2

district court's order and remand the case with directions to award prejudgment interest from the times that the various victims first spent money out of pocket, if any, to repair or replace the property that B.H. damaged, stole, or otherwise deprived them of when committing the offenses covered by his plea agreement.

## II. Standard of Review and Preservation

¶ 6 The narrow issue before us is whether prejudgment interest accrues on a restitution claim that is only for property damage, and if so, when it begins accruing. Because this is inherently an issue of statutory interpretation, we consider it de novo. *See People v. Cross*, 127 P.3d 71, 73 (Colo. 2006).

¶ 7 B.H. timely objected to the People's request for prejudgment interest, thereby preserving the issue for our review.

## III. Applicable Law

¶ 8 A defendant who causes a victim money damages must pay "full restitution." § 18-1.3-601(1)(b), C.R.S. 2020; *see* § 18-1.3-603(1); *see also People v. Reyes*, 166 P.3d 301, 302 (Colo. App. 2007). Restitution is "any pecuniary loss suffered by a victim," including but not limited to "all out-of-pocket expenses, interest, loss of use of money, . . . and other losses or injuries proximately

3

caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2020.

## IV.  Analysis

¶ 9     B.H. contends that prejudgment interest cannot be awarded on restitution for a crime involving only property damage.  The People respond that "full restitution" under the statute necessarily includes prejudgment interest on the amount of restitution owed, beginning on the date of the offense.  We do not fully agree with either party's position, and instead hold that while the statute requires a court to impose prejudgment interest on a restitution award arising from property damage, prejudgment interest only begins to accrue once the victim has experienced a loss of use of money associated with the property damage or loss.

### A.     Prejudgment Interest Applied to Crimes Against Property

¶ 10     When interpreting a statute, we first determine and give effect to the legislature's intent by examining the plain and ordinary meaning of the statutory language.  *People v. Madden*, 111 P.3d 452, 457 (Colo. 2005).  Statutes governing restitution should be liberally construed to accomplish the goal of making crime victims

4

whole.  *Roberts v. People*, 130 P.3d 1005, 1009 (Colo. 2006); *accord People v. Rivera*, 250 P.3d 1272, 1274 (Colo. App. 2010).  That is, restitution should place the victim in the same financial position as if the crime had not been committed.  *Reyes*, 166 P.3d at 304.

¶ 11     Prejudgment interest itself is intended to "compensate fully victims for loss of *use of money*."  *Roberts*, 130 P.3d at 1006 (emphasis added).  Damaged property costs money to repair.  Stolen property costs money to replace.  And a crime victim's use of that money to repair or replace damaged or stolen property prevents the victim from making use of it elsewhere.  Thus, to the extent that a victim has spent money on repair or replacement, she is entitled to prejudgment interest in an amount that "represents the proper measure of the value of the use of the money the victim lost because the defendant deprived the victim of the use of her money."  *Id.* at 1007.

B.     Date Prejudgment Interest Begins to Accrue

¶ 12     A crime victim who loses money in a theft is immediately deprived of its use.  The same is not necessarily true, however, for the victim of a property crime.  Damage to or theft of property, as opposed to cash, does not immediately deprive the victim of the use

5

of the money that he or she will eventually spend to repair or replace the stolen or damaged items. That is, a victim of property damage or theft is not deprived of the use of the money spent to repair the damage or replace the stolen goods until the victim actually incurs out-of-pocket expenses for that purpose. If the damage is never repaired or the stolen goods never replaced, then the victim has not lost the use of the money spent to acquire them. While the victim is of course entitled to an award of restitution equal to the value of repairing or replacing those items, it does not follow that prejudgment interest must accrue on that amount.

¶ 13 Our supreme court has considered when prejudgment interest begins to accrue in two circumstances analogous to those here: a criminal case involving the theft of government benefits and a civil case involving property damage. In both situations, the court held that prejudgment interest began accruing at a point distinct from the date of the triggering event — specifically, the moment at which the victims diverted money that could have been used for other purposes to pay for the loss.

¶ 14 In *Valenzuela v. People*, 893 P.2d 97, 98 (Colo. 1995), the court held that prejudgment interest begins to accrue at the time of

the victim's actual pecuniary injury, which is not necessarily the time of the theft. There, the district court ordered the defendant to pay restitution for fraudulently obtained food stamp benefits. Rather than imposing prejudgment interest from the date of the theft, however, the supreme court held that prejudgment interest was appropriately calculated from the date on which the county was required to reimburse the federal government for those food stamps. *Id.* at 101.

¶ 15    Similarly, in *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 823 (Colo. 2008), a civil plaintiff's vacation home was damaged by a leak in an embedded heating system. The plaintiff replaced the heating system, and the manufacturer was held liable for the replacement costs. *Id.* The court held that the victim was entitled to prejudgment interest as of the date he incurred costs to replace the heating system, not the date that he first observed the defect. *Id.* at 829.

¶ 16    Applying the logic of both *Valenzuela* and *Goodyear Tire* here, we conclude that when a criminal defendant damages or steals property, prejudgment interest begins to accrue under section 18-1.3-603 on the date on which the victim first incurs out-of-pocket

expenses arising from that property damage.  For example, if a defendant stole a car and damaged it, prejudgment interest would begin accruing on the date when the owner or her insurance company (or both, depending on deductibles) paid for repairs, and not from the date on which the car was actually damaged. Similarly, if a business suffered property damage and theft losses during a burglary, that business (or, again, its insurer) would be entitled to receive prejudgment interest from the date on which it began expending funds to secure the building or replace the stolen goods.

¶ 17     In both cases, the victim only "loses the use of the money involved" when he or she pays to repair or replace the items, and it is only when the victim loses the use of the money that prejudgment interest is necessary "to compensate the victim for such a loss of use." *Valenzuela*, 893 P.2d at 99-100.  Sometimes, such as where a storefront has been damaged, those out-of-pocket expenses might be necessary almost immediately.  In other situations, repairs or replacement might be less urgent or might never happen at all.

8

¶ 18    Here, the district court did not determine if or when each victim of B.H.'s crimes incurred repair or replacement costs. Instead, the court directed B.H. to pay prejudgment interest beginning at "the time of loss." Because the time of loss is not necessarily the same as the time at which repair or replacement costs are incurred, this was not an appropriate measure of when prejudgment interest should have begun to accrue.

## V.    Conclusion

¶ 19    We reverse the district court's order and remand the case so that it may determine the exact date upon which each victim first incurred out-of-pocket expenses, if any, to repair or replace the items or property that B.H. damaged or stole. Based on those findings, the court should order prejudgment interest specific to each victim beginning on that date.

CHIEF JUDGE BERNARD and JUDGE RICHMAN concur.